1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEPHON BUTLER
Inmate #22709674,

                              Plaintiff,

        vs.

SAN DIEGO SHERIFF'S
DEPARTMENT, et al.,

                              Defendants.

Case No.:  22-cv-690-MMA (DEB)

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**

[Doc. No. 2]

**DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)(1)**

Plaintiff Stephon Butler ("Plaintiff" or "Butler"), currently housed at the Vista Detention Facility ("VDF"), located in Vista, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1.  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.  *See* 28 U.S.C. § 1914(a).[1]  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

In support of his IFP Motion, Butler has submitted a certified copy of his prison certificate which indicates that during the six months prior to filing suit he had an average monthly balance of $45.80, average monthly deposits of $111.67, and had an available balance of $274.81 in his account at the time he filed suit.  Doc. No. 2 at 4.  Accordingly,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

the Court **GRANTS** Plaintiff's Motion to Proceed IFP and imposes an initial partial filing fee of $22.33 pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance of the fee owed in this case will be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

**A.    Standard of Review**

Because Butler is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.    Discussion**

Butler alleges his federal due process, Eighth Amendment, and equal protection rights have been violated by Defendants.  Specifically, he claims has been given the wrong medication on several occasions, he has untreated knee pain, he needs new dentures, has not been given proper food, he has been forced to wear dirty clothes, he has been exposed to Covid and cold temperatures, and his mail has been delayed.  *See* Doc. Nos. 1, 3–5.  He also alleges he is being unfairly denied credits and has been improperly classified as a violent felon.  *See* Doc. No. 1 at 3.

**1.    San Diego Sheriff's Department**

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself.  *See Vance v. Cnty of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996).  The San Diego County Sheriff's Department is managed by and/or a department of the County of San Diego, but it is not an entity subject to suit

under § 1983.  *See e.g.*, *Saxton v. San Diego County Sheriff's Dept.*, 2022 WL 1631382, at *4 (S.D. Cal. 2022) (stating that "Plaintiff cannot state a § 1983 claim against the San Diego County Sheriff's Department or its subdivisions because those entities are not "persons" within the meaning of § 1983") (citing *Tsao*, 698 F.3d at 1138); *Pina v. Sacuan Security & Police*, 2021 WL 5761718, at *3 (S.D. Cal. 2021) (same); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell* [*v. Dep't of Social Servs*, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County).  Therefore, Butler cannot pursue any § 1983 civil rights claims against the San Diego Sheriff's Department itself.

Moreover, even if he had named the County of San Diego as a defendant, *see Monell*, 436 U.S. at 690 ("[Municipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies."), to bring a § 1983 claim he must plead that the "municipality's policy or custom caused a violation of [his] constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992–93 (9th Cir. 2011).  In short, Butler must allege that: "(1) [he] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  His pleading includes no such allegations.  Therefore, he has failed to state a plausible § 1983 claim as to defendant San Diego Sheriff's Department.  *Iqbal*, 556 U.S. at 677.

### 2.    Due Process & Classification

In Count One, Butler claims his due process rights have been violated by defendants because he "is being housed in a high power module for violent felons [and] I am a non-violent felon."  Doc. No. 1 at 3.  He further claims the "San Diego Sheriff's Department deems [my crime] as violent so they elevate my classification score and put me in high power and a direct result of this is detrimental to both my mental health and my physical health."  *Id.*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'"  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

Prisoners have "no constitutional right to a particular classification or to earn credits."  *Hernandez v. Adams*, No. 1:08-cv-00254 LJO MJS HC, 2010 WL 5071131, at *4 (E.D. Cal. Dec. 7, 2010); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by federal prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss").  Because Plaintiff has not plausibly alleged he was deprived of "a liberty or property interest protected by the Constitution," *Wright*, 219 F.3d at 913, he has not stated a claim for which § 1983 relief can be granted.  *Iqbal*, 556 U.S. at 676; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### 3. Eighth Amendment

Butler claims in Count Two his Eighth Amendment rights have been violated in several ways. First, he claims defendants failed to provide proper medical care by giving him the wrong medication "numerous times," and that he is in "very bad pain" in his right knee. Doc. No. 1 at 5; Doc. No. 3 at 1–3; Doc. No. 4 at 2. Second, he alleges he needs dentures. Doc. No. 3 at 1. Third, he claims Defendants "don't supply our dietary needs." *Id.* Fourth, he alleges he has been "forced to wear dirty clothes." Doc. No. 4 at 2. Fifth, he claims defendants have exposed him to Covid. *Id.* at 2–3. Sixth, he alleges he has been "locked down for no reason." *Id.* at 2; Doc. No. 5 at 1. Seventh, he alleges he has been exposed to constant cold temperatures. Doc. No. 4 at 3.

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over

what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (first citing *Estelle*, 429 U.S. at 105–07; then citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990); then citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); and then citing *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). Rather, "[t]o 'show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)). "[A] purposeful act or failure to respond to a prisoner's pain or possible medical need," which causes harm is sufficient to establish deliberate indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

In order to state a plausible § 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011); *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). An official can only be liable in a § 1983 action for his or her own misconduct. *Iqbal*, 556 U.S. at 677. The Court acknowledges some of the allegations Butler makes can pose a substantial risk of serious harm. *See e.g., Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [CoVID-19] poses a substantial risk of serious harm" to prisoners."); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety); *Gunn v. Tilton*, 2011 WL 1121949 (noting that "[c]ourts have found that substantial deprivations of adequate drinking water, shelter from extreme heat or cold, food, and sanitation for a significant period of time are sufficiently serious to satisfy the

objective component of an Eighth Amendment claim."); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (citation omitted) ("The Eighth Amendment guarantees adequate heating."); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9thCir 1989) ("Dental care is one of the most important medical needs of inmates.") (internal quotation omitted).  But in order to plead a viable Eighth Amendment claim, Butler must provide more than conclusory statements such as "I've been given the wrong medication numerous times," Doc. No. 1 at 5, "They don't supply our dietary needs," Doc. No. 3 at 1, "Soy products [are] bad for my system," *id.*, "I need dentures," *id.*, "I am in very bad [knee] pain," Doc. No. 4 at 2, "I am forced to wear dirty clothes," *id.*, "[We are kept] in cold temperatures at 50 degrees," *id.* at 3, "I have been on lock-down . . . for the past 2 weeks," Doc. No. 5 at 1, and "They expose us to COVID without the slightest care for our safety or well-being," Doc. No. 4 at 2.  *See Iqbal*, 556 U.S. at 678.

Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," prisoners alleging cruel and unusual punishment must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 295, 297 (1991) (internal quotation marks, emphasis and citations omitted).  Butler's allegations fail to assert the requisite causal link between any specific person's actions or failure to act, and a clearly identified constitutional violation.  Nowhere in the body of his Complaint does Butler explain what actions any individual defendant took or failed to take which violated his constitutional rights.  Thus, Butler has not provided the Court with sufficient allegations to plausibly allege an Eighth Amendment violation because the Complaint does not contain any individualized allegations against any of the Defendants.  *Iqbal*, 556 U.S. at 676; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (stating that an individual's liability under § 1983 "is predicated on his 'integral participation' in the alleged violation") (quoting *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996)).

### 4.    Heck Bar & Equal Protection

Butler alleges in Count Three that his equal protection and due process rights have

been violated by the application of Proposition 57[2] to his sentence which he claims has resulted in him serving a longer prison sentence. *See* Doc. No. 1 at 6; Doc. No. 4 at 3–4.[3] "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003).

In *Heck v. Humphrey*, the United States Supreme Court held that a § 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the

---

[2] Proposition 57, otherwise known as the Criminal Justice Realignment Act of 2011, "significantly change[d] the punishment for some felony convictions" in California. *People v. Scott*, 58 Cal. 4th 1415, 1418 (2014); *see also Mainez v. Gore*, 2017 WL 6453595, at *1 (S.D. Cal. Dec. 18, 2017). As relevant here, the Act shifted responsibility for housing and supervising certain felons from the state to the individual counties. *See* Cal. Penal Code § 1170(h). Thus, "once probation has been denied, [California] felons who are eligible to be sentenced under realignment . . . serve their terms of imprisonment in local custody rather than state prison." *People v. Cruz*, 207 Cal. App. 4th 664, 671 (2012).

[3] After Proposition 57 was passed in November 2016, "the CDCR issued new regulations that governed the ability of inmates to earn custody credits to advance their parole dates." *Rodriguez v. Kernan*, 2019 WL 3425335, at *2 (E.D. Cal. July 30, 2019) (citing *People v. Contreras*, 4 Cal.5th 349, 374 (2018), as modified (Apr. 11, 2018)). Newly implemented section 3043.2, entitled Rehabilitative Achievement Credit, provides that " '[o]ne day of credit for every two days of incarceration (33.3%) shall be awarded to an inmate sentenced under the Three Strikes Law, under subdivision (c) of section 1170.12 of the Penal Code, or under subdivision (c) or (e) of section 667 of the Penal Code, who is not serving a term for a violent felony as defined in subdivision (c) of section 667.5 of the Penal Code.' " *Mustafaa v. Davis*, No. 19-CV-04105-EMC, 2019 WL 6771794, at *1 (N.D. Cal. Dec. 12, 2019) (quoting 15 Cal. Code Regs. § 3043.2(b)(3)) (emphasis original). The award of such good conduct time credits "shall advance an inmate's release date if sentenced to a determinate term or advance an inmate's initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole." 15 Cal. Code Regs. § 3043.2(b).)

invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87.  Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).  *Heck* requires the plaintiff in a § 1983 action "first . . . to prove that his conviction had been invalidated in some way." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (citing *Heck*, 512 U.S. at 486).  "This favorable-termination requirement, the Court explained, applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." *Id.* (quoting *Heck*, 512 U.S. at 487).

   *Heck*'s bar applies if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of [his] good-time credits[,]" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served."  *Muhammed*, 540 U.S. at 754; *see also Nettles*, 830 F.3d at 929 n.4 ("*Heck* applied . . . to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'" (citations omitted)); *Ramirez*, 334 F.3d at 856 ("[T]he applicability of [*Heck*'s] favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.").

   First, Butler does not allege that his conviction or sentence has been previously invalidated.  *McDonough*, 139 S. Ct. at 2157.  And to the extent he infers Defendants have not awarded him sentencing or post-conviction custody credit to which he is entitled, such claims, if successful, would affect the length of his confinement.  *Ramirez*, 334 F.3d at 856.  Therefore, he cannot pursue these claims in a civil rights action pursuant to 42 U.S.C. § 1983.  He must instead seek relief in state court, or in a federal habeas action, if he pursues it at all.  *See generally Trimble v. City of Santa Rosa*, 49 F.3d

583, 586 (9th Cir. 1995) (civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as petition for writ of habeas corpus); *see also Del Valle v. Allen*, No. 18-CV-05661-SI, 2019 WL 1130479, at *2 (N.D. Cal. Mar. 12, 2019) (sua sponte dismissing prisoner's § 1983 suit challenge the failure to award him "Milestone Completion Credits" pursuant to 15 Cal. Code Regs. § 3043.3(a) for failing to state a claim pursuant to 28 U.S.C. § 1915A)).

Second, even if a § 1983 action could be maintained as to the "discriminatory" conditions under which Plaintiff alleges to be held in local custody, *see* Doc. No. 1 at 6; Doc. No. 4 at 3–4, the Equal Protection Clause requires only that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).[4]   To state a claim, Butler must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).  Butler fails to make any such allegation, and "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class . . . ."); *United States v. Smith*, 818 F.2d 687, 691 (9th Cir. 1987) ("[P]ersons

---

[4] The Constitution does not require individuals who are, in fact, differently situated, to be treated equally under the law. *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 469 (1981) (citations omitted); *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection).  Thus, absent a threshold allegation that Plaintiff is similarly situated to others who allegedly receive what he perceives as more favorable treatment, he fails to state a plausible equal protection claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Michael M.*, 450 U.S. at 469 (citations omitted).  "The Equal Protection Clause does not forbid classifications.  It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1005–06 (C.D. Cal. 2013).

convicted of crimes are not a suspect class.").

Where no suspect class or fundamental right is implicated, equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Thus, to the extent Plaintiff claims he is being denied "equal treatment" because he faces different conditions of confinement as a prisoner eligible to serve his felony sentence in local custody pursuant to Prop. 57 than prisoners who are ineligible and must therefore serve their terms in state prison, *see* Doc. No. 1 at 6; Doc. No. 4 at 3–4, he fails to state an equal protection claim. Butler fails to allege both that he is similarly situated, and that there is no rational basis to treat Prop. 57 prisoners differently. "The Constitution permits qualitative differences in meting out punishments and there is no requirements that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970); *McQuery v. Blodgett*, 924 F.2d 829, 834–35 (9th Cir. 1991) ("Inmates are not entitled to identical treatment as other inmates merely because they are all inmates.") (citing *Norvell v. Illinois*, 373 U.S. 420 (1963)). A mere demonstration of inequality is not enough to establish a violation of the equal protection clause. *Id.*; *see also McGinnis v. Royster*, 410 U.S. 263, 269–70 (1973) (applying rational basis review to state statutory scheme that treated inmates held in county facilities differently than those held in state facilities); *see also Sigur v. California Dep't of Corr. & Rehab.*, 2018 WL 2734918, at *4 (E.D. Cal. June 7, 2018) (sua sponte dismissing claims that defendants treated non-violent sex offenders differently under

Proposition 57 pursuant to 28 U.S.C. § 1915A on equal protection grounds); *Mason v. Holt*, 2016 WL 6136076, at *7 (E.D. Cal. Oct. 21, 2016) (dismissing finding Prop. 57 prisoner's equal protection challenge with regard to eligibility for work credits because the distinctions made between county and prison custody credits as a result of realignment are "not arbitrary and bear a rational relationship to a legitimate government interest"); *People v. Lara*, 54 Cal. 4th 896, 906 (2012) ("[P]risoners who serve their pretrial detention before … [Prop. 57's] effective date, and those who serve their detention thereafter, are not similarly situated."); *Cruz*, 207 Cal. App. 4th at 680 (holding that "[t]he distinction drawn by section 1170, subdivision (h)(6), between felony offenders sentenced before, and those sentenced on or after, October 1, 2011, does not violate equal protection").

### 5. *Mail Delays*

In his Second Status Report, Butler claims deputies in VDF "refuse to . . . pick-up or pass-out mail daily." Doc. No. 5 at 2. Specifically, he alleges he was sent an email from his domestic partner Rayel Pechous at 5:32 p.m. on June 3, 2022, alerting him she was about to lose her housing. *Id.* Butler did not receive it until June 11, 2022 at 2:30 a.m. and thus could not help Pechous with her housing issues. *Id.*

"[Prisoners have] a First Amendment right to send and receive mail," *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), and "[p]rison officials have a responsibility to forward mail to inmates promptly." *Watkins v. Curry*, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975)). "However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights." *Id.* (citing *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999)). Butler's allegation of a single instances in which his email was delayed is not sufficient to plausibly state a First Amendment claim regarding access to sending and receiving mail. *Iqbal*, 556 U.S. at 678; *Tsao*, 698 F.3d at 1138.

**D.      Leave to Amend**

In light of his pro se status, the Court will grant Butler leave to amend his pleading deficiencies, if he can.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and **ORDERS** the Watch Commander of the Vista Detention Facility or any subsequent "agency having custody" of Plaintiff to collect from Plaintiff's trust account the initial filing fee of $4.24 and thereafter collect the remaining $22.33 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order on Watch Commander, Vista Detention Facility, 325 S. Melrose Drive, Vista, California 92081.  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

The Court further **DISMISSES** the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b).  The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa*

*County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 19, 2022

HON. MICHAEL M. ANELLO
United States District Judge