UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON BUTLER<br>Inmate #22709674,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO;<br>ANTHONY REY, Sheriff, San Diego County; MONTGOMERY, San Diego County Sheriff's Dept. Chief Medical Officer; SONIA L. MANNING, Commander of VDF,<br><br>        Defendants. | Case No.: 22-cv-690-MMA (DEB)<br><br>**ORDER DISMISSING CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b) AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT [ECF No. 10] AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On May 13, 2022, Plaintiff Stephon Butler ("Plaintiff" or "Butler"), currently housed at the Vista Detention Facility ("VDF"), located in Vista, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. No. 1 ("Compl."). Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. No. 2.

On July 19, 2022, the Court granted Butler's IFP motion and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Doc. No. 6. Butler was given forty-five (45) days to file an Amended

Complaint that cured the deficiencies of pleading outlined in the Court's dismissal Order. *Id.* Butler was also cautioned that "Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived." *Id.* at 15 (first citing S.D. Cal. CivLR 15.1; then citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); and then citing *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (nothing that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")).

On August 8, 2022, Butler filed an Amended Complaint. Doc. No. 10 ("FAC"). In his FAC, Butler no longer names Defendants Classification Deputy, San Diego Sheriff's Department; Medical Staff, San Diego Sheriff's Department, and the San Diego Sheriff's Department in this matter. Thus, the claims against these Defendants are deemed waived and the Clerk of Court is directed to terminate these Defendants from the docket. *See Lacey*, 693 F.3d at 928.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A(b) AND § 1915(e)(2)

### A. Standard of Review

As with Butler's original Complaint, because Butler is a prisoner, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.     Discussion**

Butler's FAC names San Diego County, San Diego Sheriff Anthony Rey, Chief Medical Officer Montgomery, and Sonia Manning, Commander of VDF ("Defendants").

*See* FAC. He alleges in his FAC that his federal Due Process, Equal Protection, First Amendment, and Eighth Amendment rights have been violated by Defendants. *See id.* In Count One, he claims Defendants have violated his Due Process and Equal Protection rights by improperly using his involuntary manslaughter conviction to increase his classification, which resulted in his housing assignment being more restrictive. *See id.* at 6–7. In Counts Two and Three, Butler claims the Defendants violated his Eighth Amendment rights by failing to treat his knee pain, delaying recommended knee surgery, denying him dentures, and delaying treatment for kidney pain which resulted in Butler developing a kidney infection. *Id.* at 3–8. He claims his complaints have been ignored by the VDF's Medical Department and that the Department has a policy of denying an delaying medical care. *Id.* at 5. Butler also alleges in Count Four that he has been subjected to lengthy periods of time being locked in his cell because the Sheriff's Department is understaffed. *Id.* at 6. Finally, he alleges in Count Five that his mail has been repeatedly delayed. *Id.* at 7.

      1.    *Classification Claim (Count One)*

Butler alleges Defendants' improper classification and housing assignment violate his federal Due Process and Equal Protection rights. *See id.* at 3. As the Court explained to Butler in its July 19, 2022 Order, "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Prisoners have "no constitutional right to a particular classification or to earn credits." *Hernandez v. Adams*, No. 1:08-cv-00254 LJO MJS HC, 2010 WL 5071131, at *4 (E.D. Cal. Dec. 7, 2010); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); see also *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by federal prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"). Because Plaintiff has not plausibly alleged he was deprived of "a liberty or property interest protected by the Constitution," *Wright*, 219 F.3d at 913, he has not stated a claim for which § 1983 relief can be granted. *Iqbal*, 556 U.S. at 676; see also 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

With regard to Butler's equal protection claims, the Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).[1] To state a claim, Butler must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Butler fails to make any such allegation, and "neither prisoners nor 'persons convicted of crimes'

---

[1] The Constitution does not require individuals who are, in fact, differently situated, to be treated equally under the law. *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 469 (1981) (citations omitted); *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection). Thus, absent a threshold allegation that Plaintiff is similarly situated to others who allegedly receive what he perceives as more favorable treatment, he fails to state a plausible equal protection claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Michael M.*, 450 U.S. at 469 (citations omitted). "The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1005–06 (C.D. Cal. 2013).

constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class . . . ."); *United States v. Smith*, 818 F.2d 687, 691 (9th Cir. 1987) ("[P]ersons convicted of crimes are not a suspect class.").

Where no suspect class or fundamental right is implicated, equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Thus, to the extent Plaintiff claims he is being denied "equal treatment" because he faces different conditions of confinement as other prisoners, he fails to state an equal protection claim. Butler fails to allege both that he is similarly situated, and that there is no rational basis to treat him differently because of his involuntary manslaughter conviction. "The Constitution permits qualitative differences in meting out punishments and there is no requirements that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970); *McQuery v. Blodgett*, 924 F.2d 829, 834–35 (9th Cir. 1991) ("Inmates are not entitled to identical treatment as other inmates merely because they are all inmates.") (citing *Norvell v. Illinois*, 373 U.S. 420 (1963)). A mere demonstration of inequality is not enough to establish a violation of the equal protection clause. *Id.*; *see also McGinnis v. Royster*, 410 U.S. 263, 269–70 (1973) (applying rational basis review to state statutory scheme that treated inmates held in county facilities differently than those held in state facilities); *see also Sigur v. California Dep't of Corr. & Rehab.*, 2018 WL 2734918, at *4 (E.D. Cal.

June 7, 2018) (sua sponte dismissing claims that defendants treated non-violent sex offenders differently under Proposition 57 pursuant to 28 U.S.C. § 1915A on equal protection grounds).

For the foregoing reasons, the Court concludes Butler has failed to state a plausible § 1983 claim with regard to his Due Process and Equal Protection claims in Count One. *Iqbal*, 556 U.S. at 676; 28 U.S.C. §§ 1915(e)(2) 1915A(b).

2.  *Eighth/Fourteenth Amendment Claims (Counts Two, Three, and Four)*

In Counts Two, Three, and Four, Butler claims the Defendants are failing to treat his knee pain and delaying knee surgery despite the recommendation of VDF's doctor[2] where that he receive knee replacement surgery. FAC at 4. He also alleges he "[has] problems chewing, swallowing, and digesting [his] food because [he] needs new dentures," but was told by the dentist that the policy was to only pull inmates' teeth. *Id*. In addition, Butler alleges that delayed treatment for kidney pain resulted in a kidney infection. *Id*. He claims it is the "policy and practice" of the San Diego Sheriff's Department to ignore medical complaints and delay medical care. *Id.* at 4–5. Further, Butler alleges that "it is the policy and practice of San Diego County Sheriff's Department to keep high level inmates locked in their cells 19½ to 24 hours daily because they . . . don't have enough deputies on duty . . . ." *Id.* at 6. Butler "suffers from [an] anxiety disorder which claustrophobia is a part of," and being confined in this manner causes him "mental anguish." *Id*.

a.  Medical Care: Claims Involving Knee Pain, Dentures, and Kidney Pain

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment.

---

[2] Butler refers to this person as the "jail's doctor." FAC, ECF No. 10 at 4. Because Butler is confined at VDF and his claims arise out of events that took place there, the Court will assume Butler is referring to the doctor who serves at VDF.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105–07; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

According to the San Diego County Sheriff's Department website, Butler was booked into VDF on March 10, 2022 and is an inmate sentenced to local custody.[3] It is not clear when Butler was sentenced, however. If Butler was a pretrial detainee at the time of any of the events alleged in the FAC, his claims "must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). This requires a plaintiff to "prove more than negligence, but less than subjective intent – something akin to reckless disregard." *Id.* at 1125 (quoting *Castro*, 833 F.3d at 1071). On the other hand, if Butler was a sentenced prisoner during

---

[3] *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=VEAa70enc4SjWnk1YHKSwrxrXPmLcOf2VG09pOgnrU4%3d.

those events, they must be analyzed under the Eighth Amendment. *Castro*, 833 F.3d at 1068. For purposes of the Eighth Amendment, "the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A plaintiff must allege that "the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)). "[A] purposeful act or failure to respond to a prisoner's pain or possible medical need," which causes harm is sufficient to establish deliberate indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Butler indicates in his FAC that he seeks to sue Manning in both her official and individual capacity. FAC at 2. However, he seeks both monetary damages and injunctive relief. *Id.* at 10. As such, the Court will address Manning's individual and official liability. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

To the extent Plaintiff seeks to sue Manning in her individual capacity, he fails to state a claim. There is no vicarious liability under § 1983. In other words, an individual defendant is not responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir. 1984). "Because vicarious liability is inapplicable to . . . § 1983 suits," Butler "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Butler includes no specific factual allegations describing any individual acts or omissions taken by Manning related the failure to treat his knee pain, his need for new dentures, and the alleged delayed treatment for his kidney infection. FAC at 4. Butler's

broad and generalized allegations fail to show how, or to what extent Manning may be held individually liable for any constitutional injury. *Iqbal*, 556 U.S. at 676–77; *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating that even a pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, Butler fails to state either an Eighth or a Fourteenth Amendment claim against Manning in her individual capacity. *See Taylor*, 880 F.2d at 1045.

With respect to claims against Rey, Montgomery, and Manning in their official capacities, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Official capacity suits [under § 1983] . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 165–66 (quoting *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n. 55 (1978)); *see Brandon v. Holt*, 469 U.S. 464, 472 (1985) (concluding actions of department head in his official capacity are akin to actions of municipality itself). Thus, to the extent Butler is attempting to sue Rey, Montgomery, and Manning their official capacities as Sheriff, Chief Medical Officer, and Commander of VDF respectively, it is treated as a suit against the County of San Diego, which he has also named as a defendant in his FAC. *See id.*

A local municipality can be held liable under § 1983 if the purportedly unconstitutional actions of its employees are alleged to have been taken pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. To state a municipal liability claim under § 1983, Plaintiff must allege "(1) that [he] possessed a constitutional right of which he was deprived; (2) that the [County] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Graham*, 473 U.S. at 166; *Hafer v. Melo*, 502 U.S.

21, 25 (1991); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (en banc).  A plaintiff must allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. Cty. of Harker Heights*, 503 U.S. 115, 123 (1992).  "[P]roof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents," will not give rise to liability under § 1983.  *Gant v. Cnty. of Los Angeles,* 772 F.3d 608, 618 (9th Cir. 2014) (citation omitted).  Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Butler allegations do not plausibly allege a custom or practice of delaying medical care. For an unwritten policy or custom to form the basis of a *Monell* claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *See Monell*, 436 U.S. at 691.  The complaint "must contain sufficiently detailed factual allegations 'to give fair notice and to enable the opposing party to defend itself effectively' and which 'plausibly suggest an entitlement to relief.'" *J.M. by and Through Rodriguez v. County of Stanislaus*, No. 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *4 (E.D. Cal. Nov. 7, 2018) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Butler claims that the San Diego Sheriff's Medical Department is aware of his knee pain, has not scheduled recommended knee surgery, delayed medical attention for his kidney pain, which resulted in Butler developing a kidney infection, and that "Chief Medical Officer Montgomery is responsible for my care and has done nothing to help my situation." *See* FAC at 4.  These conclusory and vague allegations fall short of pleading a viable *Monell* claim.  *See Iqbal*, 556 U.S. at 678; *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012) (applying *Iqbal* pleading standards to *Monell* claims).

Moreover, Butler's allegations regarding the treatment of his knee and kidney pain do not rise to the level of either a Fourteenth or an Eighth Amendment violation.  In order to plausibly allege a Fourteenth Amendment violation, Butler must allege facts showing

Rey, Montgomery, and/or Manning's actions were "objectively unreasonable," *Castro*, 833 F.3d at 1071, "something akin to reckless disregard." *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071). According to Butler, in response to his knee pain he was given a cane about two weeks after he arrived at VDF in early March of 2022. FAC at 4. In early July of 2022, approximately a month before Butler filed his FAC, a doctor recommended knee replacement surgery but it has not yet been scheduled. *Id.* With regard to his kidney pain and kidney infection, Butler states he told medical staff he was having kidney pain in early July of 2022 and had received medication for it two days prior to the filing of his FAC in early August. *Id.* These allegations show Rey, Montgomery, and/or Manning have addressed Butler's knee and kidney pain. And while there has been some delay in the delivery of care, a "mere lack of due care by a state official" is not sufficient to state a Fourteenth Amendment claim under § 1983. *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). Butler has not shown Rey, Montgomery, and/or Manning have acted with reckless disregard for his health and safety, and thus he has failed to state a Fourteenth Amendment claim. *Iqbal*, 556 U.S. at 676; *Castro*, 833 F.3d at 1071.

Butler has also not stated an Eighth Amendment claims because he has not plausibly alleged any Defendant was deliberately indifferent to a serious medical need. *Toguchi*, 391 F.3d at 1057. In order to plausibly allege an Eighth Amendment violation, Butler must show Defendants provided "medically unacceptable" treatment which exhibits a" conscious disregard for an excessive risk to a plaintiff's health." *Edmo*, 935 F.3d at 786. The facts he has alleged – delayed knee surgery and delayed treatment for kidney pain – amount to "mere negligence or medical malpractice, delays in providing care . . ., and differences of opinion over what medical treatment or course of care is proper . . . ," which are not sufficient to state an Eighth Amendment claim under § 1983. *See Norwell*, 2020 WL 4464454, at *4.

With regard to Butler's dental care claims, while he does allege he was told it was "policy" to "only pull teeth" and not to provide dentures, FAC at 4, he has not plausibly

alleged a constitutional violation. *See Graham*, 473 U.S. at 166. The Ninth Circuit has found that "'[d]ental care is one of the most important medical needs of inmates,'" *Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (9th Cir. 1980), and "[i]t has long been established that the "[E]ighth [A]mendment requires that prisoners be provided with a system of ready access to adequate dental care." *Id*. (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982). In order to establish an Eighth Amendment violation, however, Butler must also show Defendants Rey, Montgomery, and/or Manning were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and also drew that inference. *Toguchi*, 391 F.3d at 1057 (internal citations and quotation marks omitted). Butler has not provided sufficient facts to plausibly allege either element. While he alleges he has "problems chewing, swallowing, and digesting [his] food," this is not sufficient to show that the failure to provide him with dentures "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096. Nor has he plausibly alleged that Rey, Montgomery, and/or Manning were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] . . . and . . . dr[e]w the inference." *Farmer*, 511 U.S. at 837; *Norvell*, 2020 WL 4464454, at *4.

Finally, Butler's allegations do not plausibly allege that Rey, Montgomery, and/or Manning acted with "reckless disregard." *Castro*, 833 F.3d at 1071. At most, they show only a "mere lack of due care by a state official," which is not sufficient to state a Fourteenth Amendment claim under § 1983. *Id.* (quoting *Daniels*, 474 U.S. at 330–31).

Accordingly, the Court concludes that Butler has failed to state a plausible § 1983 claim under either the Eighth or Fourteenth Amendment with regard to his medical and dental care claims against any Defendant. *Iqbal*, 556 U.S. at 676; 28 U.S.C. §§ 1915(e)(2), 1915A(b).

//

//

                b.        <u>Prison Conditions: Claims Involving Extended Cell Lockdowns</u>[4]

In Count Four, Butler alleges that "it is the policy and practice of San Diego County Sheriff's Department to keep high level inmates locked in their cells 19 ½ to 24 hours daily because . . . the Sheriff's Department [doesn't] have enough deputies on duty." FAC at 6. He also alleges that he "suffer[s] from anxiety disorder [of] which claustrophobia is a part . . . and being confined for extended periods of time makes the mental anguish that much more severe." *Id*. He further claims that "this is known by the San Diego County Sheriff's Department because the mental health staff have [a] record of my condition and have recommended that I be housed in a dorm setting more than once." *Id*. He specifically notes that during a one week period at the end of July, which was shortly before his FAC was filed, he was locked down in his cell every day for between twenty-one and twenty-three and a half hours, and on one occasion he was locked down in his cell for over twenty-four hours. *Id*.

To plausibly allege an Eighth and Fourteenth Amendment violation, a plaintiff must show that "the prison official's acts or omissions . . . deprive[d] an inmate of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Under the Eighth Amendment, a plaintiff must show that the official "[knew] of and disregard[ed] an excessive risk to inmate health and safety." *Id.* at 835. Under the Fourteenth Amendment, a plaintiff must show the official acted with "reckless disregard" to the

---

[4] Butler also alleges he was subjected to lengthy cell lockdowns as a byproduct of Covid-19 isolation protocols due to inmates in his housing unit testing positive for Covid-19. *See* FAC at 7. These allegations are insufficient to plausibly allege either an Eighth or a Fourteenth Amendment violation. *Iqbal*, 556 U.S. at 676. "The key inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they 'responded reasonably to the risk.'" *Sanford v. Eaton*, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. March 29, 2021) (citing *Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021)). "[T]o state a cognizable Eighth Amendment claim, Plaintiff must allege more than a disagreement with Defendants' strategy for reducing the risk of COVID-19." *Nowlin v. Carvajal*, 5:21-cv-01411-JGB-JDE, 2021 WL 5911665 (C.D. Cal. Oct. 15, 2021) (citing *McKissick v. Gastelo*, No. 2:21-cv-0-1945-VAP (MAA), 2021 WL 2895679, at *5 (C.D. Cal. July 9, 2021)). Nor do the allegations plausibly allege Defendants acted with "reckless disregard." *Iqbal*, 556 U.S. at 676; *Castro*, 833 F.3d at 1071.

detainee's health and safety. *Castro*, 833 F.3d at 1071.

"Although prison administrators generally have broad discretion in determining whether to declare emergencies and impose 'lockdowns' to control institutional disturbances, the conditions imposed during the lockdown may constitute cruel and unusual punishment under the Eighth Amendment." *Norwood v. Woodford*, 661 F. Supp. 2d 1148, 1154 (S.D. Cal. 2009) (citing *Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir.1980) (denial of outdoor exercise may give rise to Eighth Amendment violation even in response to emergency conditions)). "The Ninth Circuit has stated that "regular outdoor exercise is extremely important to the psychological and physical well-being of the inmates." *Norwood*, 661 F. Supp. 2d at 1155 (citing *Spain v. Procunier*, 600 F.2d 189, 193–94 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day)). Confinement to a cell for twenty-three and a half hours per day has been found to violate the Eighth Amendment because it constitutes "a denial of outdoor exercise without a meaningful alternative of out-of-cell time." *Norbert v. San Francisco Sheriff's Dept.*, No. 19-cv-02724-SK, 2020 WL 8675997, at *20 (N.D. Cal. Jan. 31, 2020). And while a temporary deprivation of outdoor exercise or its equivalent does not constitute an Eighth Amendment violation, *see Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010), in Butler's case his allegation that the lack of access to exercise outside his cell is attributable to staff shortages plausibly alleges the deprivation is not temporary but is persistent and ongoing.

Moreover, Butler's claims that Rey and Manning know he suffers from anxiety and claustrophobia "because the mental health staff ha[s] [a] record of my condition and ha[s] recommended that I be housed in a dorm setting more than once," FAC at 6, plausibly allege they "know[] of and [have] disregard[ed] an excessive risk to inmate health and safety," *Farmer*, 511 U.S. at 835, and have acted with "reckless disregard" for Butler's well-being. *Castro*, 833 F.3d at 1071. Further, these facts plausibly allege the excessive cell time is attributable to "an expressly adopted policy" of San Diego County, *Thomas*, 763 F.3d at 1170, implemented by Rey and Manning, and that the policy is "the 'moving

force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900.

For the foregoing reasons, the Court concludes Butler has stated a plausible Eighth and/or Fourteenth Amendment § 1983 claim against San Diego County, San Diego County Sheriff Anthony Rey, and Sonia Manning, Commander of VDF. *Iqbal*, 556 U.S. at 676; 28 U.S.C. §§ 1915(e)(2) 1915A(b).

### 3. Mail Delays

Butler claims in Count Five that "the delays in getting mail from the Court may cause me to miss court deadlines and or other events that will cause me great hardships and or irreversible damages." FAC at 8. "[Prisoners have] a First Amendment right to send and receive mail," *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), and "[p]rison officials have a responsibility to forward mail to inmates promptly." *Watkins v. Curry*, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975)). "However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights." *Id*. (citing *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). Butler alleges his mail and email was delayed on six occasions with delays between seven and twenty-one days, but does not plausibly allege any improper motive or harm he has suffered as a result of the delays. FAC at 8. "Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983." *Watkins*, 2011 WL 5079532, at *3. Butler has failed to state a § 1983 claim with regard to mail delays. *Iqbal*, 556 U.S. at 678; *Tsao*, 698 F.3d at 1138.

## II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Defendants Classification Deputy, San Diego Sheriff's Department; Medical Staff, San Diego Sheriff's Department, and the San Diego Sheriff's Department as parties to this case. The Court **DIRECTS** the Clerk of Court to terminate Defendants Classification Deputy, San Diego Sheriff's Department; Medical Staff, San Diego Sheriff's Department, and the San Diego

Sheriff's Department as a parties to this action pursuant to 28 U.S.C. 1915(e)(2) and § 1915A.  The Court further **DISMISSES** Plaintiff's Due Process, Equal Protection, and First Amendment claims as to all Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court **DISMISSES** all of Plaintiff's Eighth and Fourteenth Amendment medical and dental care claims against all Defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court **DISMISSES** all claims against Defendant Chief Medical Officer Montgomery for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and **DIRECTS** the Clerk of Court to terminate Montgomery as a party to this action pursuant to 28 U.S.C. 1915(e)(2) and § 1915A.

Further, the Court **DIRECTS** the Clerk to issue summonses as to Plaintiff's First Amended Complaint (Doc. No. 10) upon Defendants SAN DIEGO COUNTY; ANTHONY REY, San Diego County Sheriff; and SONIA L. MANNING, Facility Commander of the Vista Detention Facility, and forward them to Plaintiff along with a blank U.S. Marshal Forms 285.  In addition, the Clerk will provide Plaintiff with certified copies of this Order, a certified copy his First Amended Complaint, and the summonses so that he may serve the Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the Forms 285 as completely and accurately as possible, include an address where Defendants may be served, see S.D. Cal. Civ. L.R. 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

The Court **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendants SAN DIEGO COUNTY; ANTHONY REY, San Diego Sheriff; and SONIA L. MANNING, Facility Commander of the Vista Detention Facility, as directed by Plaintiff on the USM Forms 285 provided, and to file executed waivers of personal service upon Defendants SAN DIEGO COUNTY; ANTHONY REY, San Diego County Sheriff; and SONIA L. MANNING, Facility Commander of the Vista Detention Facility, with the Clerk of Court as soon as possible

after their return.  Should a Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, First Amended Complaint and request for waiver was mailed to that Defendant, and indicate why service upon the party remains unexecuted.  All costs of that service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon the Defendant any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

The Court **ORDERS** Defendants, once they have been served, to reply to Plaintiff's First Amended Complaint, and any subsequent pleading they may file in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

The Court **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the

Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: October 20, 2022

HON. MICHAEL M. ANELLO
United States District Judge