1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

STEPHON BUTLER,

                                    Plaintiff,

v.

SONIA L. MANNING, et al.,

                                    Defendants.

Case No. 22-cv-690-MMA (DEB)

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS**

[Doc. No. 16]

Plaintiff Stephon Butler, a California inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against San Diego County (the "County"), former San Diego County Sheriff Anthony Ray ("Ray"), and Commander Sonia L. Manning ("Manning," and collectively with the County and Ray, "Defendants"), alleging a claim for cruel and unusual punishment. *See* Doc. No. 10 ("First Amended Complaint" or "FAC"). Defendants now move to dismiss Plaintiff's claim against them. *See* Doc. No. 16. Plaintiff filed an opposition, to which Defendants replied. *See* Doc. Nos. 23, 25. For the reasons set forth below, the Court **DENIES** Defendants' motion to dismiss.

# I. BACKGROUND[1]

Plaintiff was booked into the custody of the San Diego Sheriff's Department on March 10, 2022, and remains housed at Vista Detention Facility in Vista, California ("VDF").[2]  FAC at 1.  According to Plaintiff, "it is the policy and practice of San Diego County Sheriff's Department to keep high level inmates locked in their cells 19 ½ to 24 hours daily because . . . the Sheriff's Department [does not] have enough deputies on duty." *Id.* at 6.  Plaintiff maintains that the policy was put in place by the former County Sheriff and "followed by" Ray.  *Id.*  Plaintiff alleges that he has been subjected to this policy and confined to his "10 x 6 cell [for] 19 ½ to 24+ h[ou]rs daily." *Id.* at 3; *see also id.* at 7.  For example, Plaintiff identifies several dates in July where he was locked in his cell for between 21 and 23 ½ hours, and on one occasion, for over 24 hours. *Id.* at 6.  He further contends that he suffers from an anxiety disorder and claustrophobia, and that confinement for extended periods of time exacerbates his mental anguish. *Id.*  He asserts that the Sheriff's Department, Ray, and Manning know of his conditions because they are documented in his medical records and that the mental health staff has recommended more than once that he be housed in a dorm setting. *Id.*

Plaintiff initiated this action on May 13, 2022, *see* Doc. No. 1, and filed the First Amended Complaint on August 8, 2022, *see* FAC.  By way of his First Amended Complaint, Plaintiff brings a claim for cruel and unusual punishment against

---

[1] Because this matter is before the Court on a motion to dismiss, the Court accepts as true the allegations set forth in the First Amended Complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] According to the FAC, Plaintiff challenges the conditions of his confinement "since I've been in custody." *See* FAC at 7.  He also appears to identify the beginning of the time period for his claims as March 10, 2022. *See* FAC at 1; *see also* Doc. No. 23 at 2.  This comports with the San Diego County Sheriff's Department's website, which reveals that Plaintiff was booked into the custody of the Sheriff's Department on that date. *See* San Diego County Sheriff's Department, Who Is In Jail – Inmate Detail, *available at* https://apps.sdsheriff.net/wij/ (last visited June 9, 2023).  The Court takes judicial notice of this fact under Federal Rule of Evidence 201(b) as it is generally known within this district and not subject to reasonable dispute.

Defendants.[3]  On January 13, 2023, Defendants filed a motion to dismiss Plaintiff's claim.  *See* Doc. No. 16.  Plaintiff initially did not timely file an opposition, and so on March 24, 2023, the Court granted Defendants' motion without prejudice.  *See* Doc. No. 19.  The Clerk of Court entered judgment accordingly.  *See* Doc. No. 20.

On April 20, 2023, Plaintiff filed a response to the Clerk's Judgment, *see* Doc. No. 21, which the Court construed as a motion for reconsideration and granted, *see* Doc. No. 22.  As such, the Court vacated its Order on Defendants' motion to dismiss and reset the briefing.  *See id.*

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not take legal conclusions as true merely because they are cast in

---

[3] Plaintiff initially pleaded due process, equal protection, inadequate medical care, and First Amendment mail delay claims.  *See* FAC.  However, the Court dismissed these claims in its Screening Order.  *See* Doc. No. 11.

the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Additionally, *pro se* litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).  When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).

## III. REQUEST FOR JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of San Diego County Superior Court records.  Doc. No. 16-1.  Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint.  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003).  However, a court may consider certain materials, including matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Defendants offer as Exhibit A records from the San Diego County Superior Court reflecting that Plaintiff pleaded guilty to a state charge on April 25, 2022 and was sentenced on May 24, 2022. Doc. No. 16-2 ("Def. Ex. A"). The Court finds that these documents are proper for judicial notice as they are public records and their authenticity is not subject to reasonable dispute. Accordingly, the Court **GRANTS** Defendants' request.

## IV. DISCUSSION

As an initial matter, the Court has already screened Plaintiff's FAC pursuant to 28 U.S.C §§ 1915(2)(B)(i) and 1915A(b), Doc. No. 11 ("Screening Order"), which involves the same standard as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). The Court incorporates its Screening Order by reference here.

Plaintiff brings a claim for "cruel and unusual punishment." FAC at 6. As the Court noted in its Screening Order, it is not clear from Plaintiff's FAC whether his claim is governed by the Eighth or Fourteenth Amendment. *See* Doc. No. 11 at 8, 16. "Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). If Plaintiff was a pretrial detainee during the events alleged in the FAC, then his claim is pursuant to the Fourteenth Amendment. If he was in custody serving a sentence, his claim falls under the Eighth Amendment.

### A. Fourteenth Amendment

Defendants first argue that Plaintiff has not stated a Fourteenth Amendment claim because he was not a pretrial detainee at the time of the events alleged in the FAC. *See* Doc. No. 16-1 at 10. The Court disagrees.

According to Defendants' Exhibit A, Plaintiff pleaded guilty to a state court charge on April 25, 2022 and was sentenced on May 24, 2022 to the custody of the San Diego County Sheriff. Def. Ex. A at 4–5. However, as noted above, Plaintiff was booked into

the Sheriff's Department's custody on March 10, 2022.  Therefore, from March 10 to April 25, 2022, Plaintiff was a pretrial detainee, and his challenges to the conditions of his confinement during this time are governed by the Fourteenth Amendment.  *Cf. Norbert v. City & Cty. of San Francisco*, 10 F.4th 918, 927 (9th Cir. 2021) (noting that for inmates who are "convicted and awaiting sentencing, the Eighth Amendment supplies the relevant standard").  Any claims of cruel and unusual punishment stemming from incidents, actions, or inactions after April 25, 2022, are governed by the Eighth Amendment.  *Id.* at 928.

True, Plaintiff pleads specific instances in June and July 2022, where he was confined to his cell between 21 and over 24 hours.  FAC at 6–7.  And these claims are therefore subject to the Eighth Amendment's standard.  However, he also alleges that he has experienced lockdowns lasting from 19 ½ to 24 hours "on av[erage] per day [ ] *daily since I've been in custody*."  FAC at 7 (emphasis added); *see also* Doc. No. 23 (explaining in opposition that the instances referred to in the FAC "are examples of what's happened every day since March 10, 2022").  Since Plaintiff was in pretrial custody from March 10 through April 25, 2022, and he pleads that he experienced the lockdowns during that time, he has pleaded a Fourteenth Amendment claim.[4]  Therefore, the Court **DENIES** Defendants' motion on this basis.

**B.    Eighth Amendment**

The Eighth Amendment bars conditions of confinement that are incompatible with "evolving standards of decency" or "involve the unnecessary and wanton infliction of pain."  *See Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal citations omitted).  The Constitution does not mandate that prison conditions be comfortable, "but neither does it permit inhumane ones."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  To

---

[4] Defendants do not challenge the plausibility of Plaintiff's factual allegations in support of a Fourteenth Amendment claim.  In any event, the Court has already determined that this claim passes Rule 12(b)(6) scrutiny.  *See* Doc. No. 11 at 16.

plausibly allege an Eighth Amendment violation, a plaintiff must show that "the prison official's acts or omissions . . . deprive[d] an inmate of the minimal civilized measure of life's necessities," and the official "[knew] of and disregard[ed] an excessive risk to inmate health and safety." *Id.* at 834, 835.

The Ninth Circuit has repeatedly recognized that "exercise is one of the basic human necessities protected by the Eighth Amendment." *Norbert*, 10 F.4th at 929 (first quoting *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); and then quoting *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (internal quotation marks omitted)).  Here, Defendants argue that Plaintiff alleges merely a temporary denial of outdoor exercise, insufficient to state a claim under the Eighth Amendment.  *See* Doc. No. 16-1 at 12. However, as the Court explained in its Screening Order, "while a temporary deprivation of outdoor exercise or its equivalent does not constitute an Eighth Amendment violation," Plaintiff plausibly alleges that the deprivation is persistent and ongoing.  *See* Doc. No. 11 at 15 (citing *Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010)).  Defendants also contend that Plaintiff fails to allege a sufficiently serious harm resulting from the confinement.  *See* Doc. No. 16-1 at 13.  But Plaintiff alleges that he has suffered severe mental anguish resulting from the prolonged confinement's exacerbation of his preexisting medical conditions of anxiety and claustrophobia.  *See* FAC at 6.  This is sufficient at this stage.

Next Defendants argue that Plaintiff fails to allege that the deputies in charge of running his housing unit were aware of his medical conditions.  *See* Doc. No. 16-1 at 17. But the knowledge of persons not named as defendants in this lawsuit is immaterial.  To that end, Ray and Manning assert they were not personally involved in the alleged constitutional violations.  *See id.*  But the Court must liberally interpret Plaintiff's FAC, and it has already determined that Plaintiff plausibly alleges Ray and Manning knew of and disregarded an excessive risk to his health, that Ray and Manning implemented the County's policy, and that the policy is the moving force behind Plaintiff's alleged constitutional violation.  FAC at 6–7; *see also* Doc. No. 11 at 15.  This is sufficient to

state a claim against Defendants.  Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim.

**V. C<small>ONCLUSION</small>**

Based upon the foregoing, the Court **DENIES** Defendants' motion to dismiss. Defendants must file and serve an answer to the First Amended Complaint on or before **July 7, 2023**.

**IT IS SO ORDERED**.

Dated:  June 12, 2023

HON. MICHAEL M. ANELLO
United States District Judge