UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON BUTLER,<br><br>                                   Plaintiff,<br><br>v.<br><br>SONIA L. MANNING, et al.,<br><br>                                   Defendants. | Case No. 22-cv-690-MMA-DEB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING MOTION FOR MEET AND CONFER**<br><br>[Doc. Nos. 35, 38] |

On May 13, 2022, Plaintiff Stephon Butler, a state prisoner proceeding *pro se*, initiated this action for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Doc. No. 1.  Plaintiff filed a First Amended Complaint ("FAC") on August 8, 2022.  Doc. No. 10.  On September 13, 2023, Plaintiff filed a motion for temporary restraining order ("TRO").  Doc. No. 35.  After Defendants filed a notice of intent to oppose the motion, *see* Doc. No. 36, the Court set a briefing schedule on the matter,[1] *see* Doc. No. 37.

---

[1] Pursuant to the Federal Rules of Civil Procedure, parties seeking a temporary restraining order without notice to the opposing party must provide a declaration demonstrating that immediate and irreparable injury will result before the adverse party can be heard.  Fed. R. Civ. P. 65(b).  Because Plaintiff did not explain why Defendants should not be heard on the matter, and because Defendants immediately filed a

Thereafter, Plaintiff filed a motion, asking the Court to order defense counsel to meet and confer.  Doc. No. 8.  Defendants oppose Plaintiff's motion for TRO.  Doc. No. 39.  For the reasons set forth below, the Court **DENIES** Plaintiff's motions.

## LEGAL STANDARD

The standard for issuing a TRO is essentially the same as the standard for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  A plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is *likely* in the absence of an injunction."  *Id.* at 22 (emphasis and citations omitted).

Moreover, a preliminary injunction is only appropriate "when it grants relief of the same nature as that to be finally granted."  *Pac. Radiation Oncology, Ltd. Liab. Co. v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).  When considering whether to afford relief sought in a motion for preliminary injunction that differs from the final relief sought in a complaint, the Ninth Circuit has explained that "there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint."  *Id.* at 638.

---

notice of intent to oppose, the Court's briefing schedule, as a practical matter, converted Plaintiff's request to one for a preliminary injunction.  Regardless, as noted, the standard is the same.

## DISCUSSION

As discussed in the Court's Order denying Defendants' motion to dismiss, *see* Doc. No. 26, Plaintiff brings a "cruel and unusual punishment" claim against Defendants, asserting that he was locked in his cell between 19 to 24 hours per day "daily" since he was taken into custody. He brings this claim under the Fourteenth Amendment for his time spent in custody as a pretrial detainee, and under the Eighth Amendment for his time in custody after pleading guilty in his state court case.

By way of his motion for TRO, Plaintiff seeks an order compelling Defendants to provide him with "all access to the law resources," Doc. No. 5 at 3; Plaintiff asks for access to the "law library, law books, legal writing materials, and photocopies," *id.* at 7. According to Plaintiff, absent relief he will be unable to comply with the undersigned's Civil Chambers Rules and Magistrate Judge Butcher's Scheduling Order, for which he also contends he will be subjected to sanctions and dismissal of his action. *Id.* at 4, 8.

While Plaintiff, like all other litigants, has a constitutional right to access the courts, this right is not unfettered. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). It does not encompass an "abstract, freestanding right to a law library," *id.*, or anything beyond what Plaintiff has already been offered. *See* Doc. No. 39 at 15 ("Def. Ex. B.").[2] Additionally, Plaintiff has not demonstrated that he is likely to suffer irreparable harm absent an injunction. While Plaintiff asserts that he will face "sanctions and dismissal of his action," Doc. No. 35 at 8, there is no reason to believe that the mere inability to comply with the undersigned's Civil Chambers Rules alone would result in such a sanction. And to the extent Plaintiff has issues meeting or complying with any Court orders or deadlines, he should meet and confer with defense counsel and if necessary, inform the Court and ask for accommodation.

---

[2] According to Defendants' opposition, County Counsel has been advised that Plaintiff refused the standard accommodations granted to self-represented inmates in conditions of confinement civil lawsuits, which includes access to copies of legal work product, writing supplies, and legal research requests. Doc. No. 39 at 7; Def. Ex. B.

Regardless, the relief Plaintiff seeks is beyond the scope of this litigation. Because the preliminary injunctive relief and the final relief Plaintiff seeks differ, *compare* Doc. No. 35, *with* FAC at 10 (seeking an injunction preventing Defendants from housing him in the San Diego County Jail), there must be a connection between the preliminary relief sought and his claims. *See Pac. Radiation Oncology*, 810 F.3d at 638. The TRO Plaintiff seeks here would not remedy his asserted Eighth and Fourteenth Amendment violations; Plaintiff does not plead any claims relating to his access to the courts, law library, or other legal materials. Absent a relationship or nexus to the allegations in the First Amended Complaint, the Court lacks the authority to grant the relief Plaintiff seeks. *See id.* at 636; *see also* 18 U.S.C. § 3626(a)(1)(A) (providing that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs"); *Brown v. Gore*, No. 12-CV-1938-GPC (BGS), 2014 U.S. Dist. LEXIS 32275, at *4 (S.D. Cal. Mar. 12, 2014).

Before moving on, the Court separately addresses Plaintiff's grievance. According to the exhibits Plaintiff submits in support of his motion, the San Diego County Sheriff's Department has established "Pro Per" status for inmates proceeding without counsel in their state criminal cases. *See* Doc. No. 35-1 at 8. The Policies and Procedures Manual also appears to permit Pro Per status to civil litigants, but only by court order. *Id.* This status seemingly provides inmates with access to the materials and benefits Plaintiff seeks. *Id.*

By this Order, the Court confirms that Plaintiff is acting *pro se*. But this simply means that Plaintiff is proceeding with his § 1983 action without counsel. In this Court, *pro se* status does not afford litigants any additional rights or benefits beyond the right of meaningful access to the courts held by all litigants. *See Lewis*, 518 U.S. at 350. It appears that this Court's designation of *pro se* does not qualify for the Sheriff's Department's Pro Per status. *See* San Diego County Sheriff's Department Detention Services Bureau – Manual of Policies and Procedures, § N.6 Conditions of Confinement

Incarcerated Persons ("Conditions of confinement incarcerated person(s) are not considered "Pro-Per" incarcerated person(s) for the purpose of Detention Services Bureau Policies and Procedures (DSB P&P) section N.7 with actions against the county."). Plaintiff may use this Order to show the San Diego County Sheriff Deputies that he has *pro se* status in this pending conditions of confinement action and is therefore representing himself. But to the extent Plaintiff asks the Court to issue an order designating or otherwise requiring the Sheriff's Department to recognize Plaintiff as a "Pro Per" inmate, the Court declines to do so.

Plaintiff has also filed a somewhat related motion, asking the Court to order Defendants and defense counsel to meet and confer with him via videoconference on, at least, his motion for a TRO. Doc. No. 38 at 4–5. While parties are always encouraged to meet and confer so that issues may be resolved without court intervention, Defendants have no obligation to meet and confer on a motion, such as one for a TRO, that has already been filed. In any event, because the Court denies Plaintiff's motion for TRO, it similarly **DENIES** his motion seeking this related relief. To the extent Plaintiff seeks to meet and confer concerning any of Judge Butcher's Scheduling Order deadlines, discovery, or anything else not related to the motion for TRO, the parties should address those issues, concerns, or requests at the upcoming November 17, 2023 Status Conference with Judge Butcher.

**IT IS SO ORDERED**.

Dated: November 6, 2023

HON. MICHAEL M. ANELLO
United States District Judge