# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON BUTLER,<br><br>                        Plaintiff,<br><br>v.<br><br>SONIA L. MANNING, et al.,<br><br>                        Defendants. | Case No. 22-cv-0690-MMA-DEB<br><br>**ORDER:**<br><br>**GRANTING MOTION TO DISMISS CIVIL ACTION FOR FAILING TO PROSECUTE;**<br><br>[Doc. No. 61]<br><br>**AND DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>[Doc. No. 40] |

On May 13, 2022, Plaintiff Stephon Butler, a state prisoner proceeding *pro se*, initiated this action for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Doc. No. 1. Plaintiff filed a First Amended Complaint ("FAC") on August 8, 2022, which the Court screened pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(b), dismissing some claims and defendants and directing the U.S. Marshal to effect service of the Amended Complaint on Defendants San Diego County, Anthony Ray, and Sonia Manning. Doc. Nos. 10–11.

Defendants filed a Motion to Dismiss, which the Court denied on July 7, 2023. Doc. Nos. 16, 26. Defendants then filed an Answer on July 7, 2023. Doc. No. 27. Butler filed a Motion for a Temporary Restraining Order on September 13, 2023, and a request to meet and confer on September 28, 2023, which the Court denied on November 6, 2023. Doc. Nos. 35, 38, 41. He filed a Motion to Appoint Counsel on October 5, 2023. Doc. No. 40.

At a discovery intake call held on November 17, 2023, Butler advised the Court that he was scheduled to be released from custody on December 8, 2023 and agreed to file a Notice of Change of Address with the Court and advise counsel for Defendants of his location so Defendants could take Butler's deposition. Doc. No. 45 at 2. A follow-up status conference was set for December 15, 2023. *Id.*

Butler failed to appear at the December 15, 2023 status conference and the hearing was reset for December 20, 2023. Doc. No. 52. According to Defendants, Butler also failed to appear for his December 18, 2023 deposition. Doc. No. 61 at 7. All mail sent to Butler since December 18, 2023 has been returned as undeliverable, and Butler did not appear at the December 20, 2023 status conference. *See* Doc. Nos. 55–60. Defendants have now filed an Ex Parte Motion to Dismiss with prejudice for lack of prosecution. Doc. No. 61.

## LEGAL STANDARD

A district court may dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition

/ / /

of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

## DISCUSSION

Butler has failed to comply with several court orders, including failing to inform the Court and Defendants of his whereabouts, failing to attend two status conferences, and failing to abide by the Court's discovery Orders.  *See* Doc. Nos. 45, 52, 55–60.  Factors one, two, three, and four therefore weigh in favor of dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal).  Factor five moderately weighs in favor of dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006) (stating the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").  Only factor three does not weigh in favor of dismissal.  Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

Accordingly, the Court **GRANTS** Defendants's Motion to Dismiss (Doc. No. 61) and **DISMISSES** this case without prejudice.  *See* S.D. Cal. Local Rule 83.11(b) ("A party proceeding pro se must keep the Court and opposing parties advised as to current address.  If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the lost Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.").

Further, because this case is being dismissed, Butler's Motion to Appoint Counsel (Doc. No. 40) is **DENIED** as moot.

      **IT IS SO ORDERED**.

Dated: February 20, 2024

                                                         HON. MICHAEL M. ANELLO
                                                         United States District Judge